UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLETE REO HART,<br><br>  Plaintiff,<br><br>  v.<br><br>C/O SUMMERS et al.,<br><br>  Defendants. | No. 2:14-cv-0358 JAM DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed herein, the court will recommend dismissal of this action.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
7  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
10 However, in order to survive dismissal for failure to state a claim a complaint must contain more
11 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
12 allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550
13 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
14 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
15 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
16 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  The Civil Rights Act under which this action was filed provides as follows:

18  > Every person who, under color of [state law] . . . subjects, or causes
    > to be subjected, any citizen of the United States . . . to the
19  > deprivation of any rights, privileges, or immunities secured by the
    > Constitution . . . shall be liable to the party injured in an action at
20  > law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
24  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
25  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
26  omits to perform an act which he is legally required to do that causes the deprivation of which
27  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
28  /////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified Correctional Officers Summers, Conchas, and Blackford as the defendants. In his complaint, plaintiff alleges that the named defendants molested him as a child and that there may be additional offenders employed throughout the California Department of Corrections and Rehabilitation ("CDCR"). (Compl. at 3.)

## DISCUSSION

Plaintiff's complaint is frivolous and should be dismissed. The complaint is based on the outlandish premise that the defendants molested him as a child and that there are potentially more such offenders employed throughout CDCR. Plaintiff's allegations are too far-fetched to be believed. See 28 U.S.C. 1915(e)(2)(B)(i) ("the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious"); Neitzke, 490 U.S. at 327-28 (in forma pauperis statute accords judges the authority to dismiss those claims whose factual contentions are clearly baseless, such as those "describing fantastic or delusional scenarios").

Based on the circumstances of this case, the undersigned concludes that dismissal of this civil rights action without leave to amend is appropriate. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

/////

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 8) be denied;

2. Plaintiff's complaint be dismissed as frivolous; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 5, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hart0358.56

4